


## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE - OPELOUSAS DIVISION

| BRAD WEATHERSBY, ET AL | * | CIVIL ACTION NO: 6:01-1676 |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE HAIK |
| | * | |
| PARKER USA DRILLING COMPANY | * | MAGISTRATE JUDGE METHVIN |

### RULING

Pending before the Court is a Motion to Certify a Collective Action Pursuant to §216(b) of the Fair Labor Standards Act [#60] filed by the Plaintiffs in the above captioned case. After a review of all Memoranda and applicable statutes and cases, and considering all facts specific to this case, the Court finds that the case should not be certified as a collective action.

In determining whether the welders were similarly situated as independent contractors or employees, the Court looked to <u>Carrell v. Sunland Construction, Inc.</u>, 998 F.2d 330 (5th Cir. 1993). The welders here knew that the defendant classified them as independent contractors; most welders classified themselves as independent contractors or as self-employed; these welders were highly skilled, or they would not have been accepted by the defendant; many welders owned their own equipment and made substantial investments therein; many welders had signed contracts with the defendant. While none of these factors alone is dispositive on the issue of employee versus independent contractor status, the facts taken as a whole reveal the general intent of the parties.

The Court finds that this case should not be certified as a collective action under the Fair Labor Standards Act because the welders are not similarly situated, and the claims of the welders are specific to each. The Court *is not saying* that some of the individual welders do not have valid

claims, only that the claims of the welders as a whole are not appropriate for certification. Some of the welders may be able to prove employee status; but, the totality of the circumstances reveals that those claims are personal to those individuals. Thus, the Motion to Certify a Collective Action Pursuant to §216(b) of the Fair Labor Standards Act [#60] is hereby **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __19th__ day of April, 2002.

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 4-23-02
BY: DMW
TO: Tusa
     Bohrer
     Robertson